UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MR. ROBERT L. DUNN, SR., <br><br> Plaintiff, <br><br> -against- <br><br> DOWNSTATE CORRECTIONAL FACILITY/DEPT. OF CORRECTIONS, <br><br> Defendants. | 19-CV-10384 (CM) <br><br> ORDER OF DISMISSAL |

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, currently incarcerated in Downstate Correctional Facility ("Downstate"), brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his rights. By order dated December 4, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1] For the reasons set forth below, the Court dismisses the complaint.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

(2d Cir. 2007). The court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following allegations are taken from the complaint: On September 19, 2019, Plaintiff was released from Downstate. On September 20, 2019, his parole officer and other law enforcement officials came to his residence and told him that he must return to prison. The

2

officers informed Plaintiff that he was released by mistake because someone miscalculated his release date. He sues Downstate Correctional Facility and the New York State Department of Corrections and Community Supervision ("DOCCS"). Plaintiff alleges that Defendants were negligent when they miscalculated his release date, and claims that returning to prison has caused him emotional distress, anxiety, and problems eating and sleeping. He seeks money damages.

**DISCUSSION**

Plaintiff's claims against Downstate and DOCCS are barred by the Eleventh Amendment and therefore must be dismissed. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. "DOCCS, as an arm of the state, stands in the same position as the State of New York." *White v. New York*, No. 19-CV-0543, 2019 WL 2578270, at *1 (S.D.N.Y. June 24, 2019). Downstate is a facility operated by DOCCS, and is therefore in the same position.

New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). The Court therefore dismisses Plaintiff's § 1983 claims against DOCCS and Downstate. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).[2]

---

[2] Even absent the Eleventh Amendment bar, Plaintiff has failed to state a claim under § 1983. He alleges that Defendants were negligent when they miscalculated his release date. But to assert a due process claim under § 1983, a plaintiff must allege that the state official "acted with more than mere negligence." *Grune v. Rodriguez*, 176 F.3d 27, 33 (2d Cir. 1999) (citing

3

**LEAVE TO AMEND**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

**CONCLUSION**

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: December 19, 2019
New York, New York

COLLEEN McMAHON
Chief United States District Judge

---

*Daniels v. Williams*, 474 U.S. 327, 328 (1986). Detention beyond the expiration of a person's sentence may violate the Eighth Amendment's prohibition of cruel and unusual punishment if such prolonged detention is "the result of 'deliberate indifference' to the prisoner's liberty interest." *Wright v. Kane*, No. 94-CV-3836 (JFK), 1997 WL 746457, at *4 (S.D.N.Y. Dec. 2, 1997) (citing *Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976); *Calhoun v. New York State Division of Parole Officers*, 999 F.2d 647, 654 (2d Cir. 1993)). But Plaintiff alleges not that he was detained *beyond* his release date, but rather that he was released *early* (and then reincarcerated to serve the remainder of his sentence). Plaintiff also does not allege that any detention was the result of "deliberate indifference."